IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

SAMUEL JEFFERSON,            )
                             )
    Plaintiff,                )
                             )
                             )
v.                           )
                             )   Case No. 3:09-cv-0664
FERRER, POIROT AND WANSBROUGH )  Judge Campbell
ELI LILLY CORPORATION        )   Magistrate Judge Brown
AND                          )
THE GARRETTSON LAW FIRM, LLC )
                             )
    Defendants.              )

To:   The Honorable Todd J. Campbell

## REPORT AND RECOMMENDATION

Presently pending before the Magistrate Judge are the Defendants' Joint Motion to Dismiss (Docket Entry 107), Plaintiff's Response (Docket Entry 109), and Defendants' Reply to Plaintiff's Response (Docket Entry 111). For the reasons stated below, the undersigned **RECOMMENDS** that the Defendants' motion to dismiss be **GRANTED** and that this action be **DISMISSED**.

## I. INTRODUCTION

The Plaintiff, who began this action as a *pro se* prisoner, filed this complaint alleging Defendants violated his civil rights under 42 U.S.C. § 1983. This action was referred to the Magistrate Judge on July 22, 2009, for report and recommendation on any dispositive motions. (Docket Entry 7).

## II. BACKGROUND

Plaintiff bases the present action on events surrounding his involvement in a 2007 class action suit against drug manufacturer Eli Lilly Corporation (Eli Lilly) for the anti-psychotic medication Zyprexa. Plaintiff alleges that while he was incarcerated at Western Mental Health Institute in Bolivar, Tennessee, he was solicited by Defendant Ferrer, Poirot, and Wansbrough (FPW) to join the above referenced class action suit. Docket Entry 1. He states that he was "legally and severely mentally ill" at the time he signed the contract to retain FPW to represent him in the class action. *Id.* Because the Defendants knew that the suit involved a drug to treat mental illness, specifically paranoid schizophrenia, Plaintiff alleges that Defendants Eli Lilly and Garrettson Law Firm (Garrettson) knew that plaintiffs likely had severe mental conditions and carelessly negotiated the settlement without verifying that plaintiffs' signatures were legally sound. *Id.* Plaintiff claims that each Defendant should have consulted his psychiatrist, conservator, and a judge before accepting his signature on any documents, and his complaint demands relief by asking the Court to hold the three defendants "liable for all [] wrongs/violations." *Id.*

On April 30, 2010, Defendants FPW, Eli Lilly, and Garrettson filed a Joint Motion to Dismiss stating that the case should be dismissed for failure to state a claim arguing that the Plaintiff did not specify the deprived right in the complaint and that the Defendants were not state actors nor acting under color of law. *Id.* Defendants Eli Lilly and Garrettson also allege that the Plaintiff has no claim against them because he admitted being happy with his settlement from the Zyprexa action.[1] The Plaintiff's Response argues that he was deprived of his First Amendment right to

---

[1] The Plaintiff wrote on September 29, 2009 that of the amount awarded from the Zyprexa settlement, he only kept $200 in his prison account. The remaining funds were sent to various family members. Docket Entry 32. His mother signed a release and indemnity as his personal representative in order to have this sum paid to the Plaintiff. Docket Entry 50-2. For the purpose of this Report and Recommendation, it will be assumed, as Plaintiff has claimed,

redress grievances and that the Defendants acted under color of law when they extinguished that right by settling the class action, thereby precluding his individual right to sue Eli Lilly.[2] Docket Entry 110. The Defendants' reply argues that the Plaintiff has interpreted the requirements of section 1983 too broadly and that lawyers representing clients are not "state actors" for the purpose of a 1983 action. Docket Entry 111.

## III. LEGAL DISCUSSION

### A. **Standard of Review for Motion to Dismiss**

When reviewing a motion to dismiss under Rule 12(b)(6), the court must construe the complaint in the light most favorable to the plaintiff, accept factual allegations as true, and determine whether the plaintiff can prove no set of facts that would entitle him to relief. *Perry v. American Tobacco Co.*, 324 F.3d 845, 848 (6th Cir. 2003); *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998). The allegations of fact must be sufficient to "raise the right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Supreme Court has outlined a "two-pronged approach" for assessing whether a complaint states a valid claim for relief. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009). First, legal conclusions and labels, as opposed to factual allegations, are not to be accepted as true and should be disregarded when assessing the plaintiff's right to relief. *Id.* Second, the remaining facts should be evaluated to see if they support a claim that is plausible on its face. *Id.* The court need not review the claim for its probability success, but rather should determine whether the alleged facts allow a "reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949. (citing *Twombly*, 550

---

that she was not authorized to sign for him at that time.

[2] The Magistrate Judge greatly appreciates Mr. Hill's willingness to take this case and believes that he argued the case as persuasively and eloquently as could be done given the facts and law involved.

U.S. at 556). A plaintiff does not have to plead detailed facts to survive a motion to dismiss, but must do more than make an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.*

### B. Section 1983 Claims

A claim pursuant to 42 U.S.C. § 1983 is valid if a plaintiff alleges that: (1) his rights secured by the Constitution or United States law have been violated; and (2) that the person who violated such rights did so while acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Harbin-Bey v. Rutter*, 420 F.3d 571, 575 (6th Cir. 2005). Section 1983 itself does not establish any substantive rights. *Albright v. Oliver*, 510 U.S. 266, 271 (1994); *Gardenhire v. Schubert*, 205 F.3d 303, 310 (6th Cir. 2000). However, it provides a remedy for the deprivation of rights established elsewhere. *Id.* A valid 1983 claim must state the substantive constitutional rights that were allegedly violated by the defendant. *Barrett v. Steubenville City Schools*, 388 F.3d 967, 971 (6th Cir. 2004).

Here, the Defendants argue that dismissal for failure to state a claim is proper because the Plaintiff has not plead sufficiently to show that any of the named defendants acted under color of law. Defendants assert that *Lugar* summarizes the proper vehicles for determining whether a private litigant can be deemed a state actor, one acting under color of law. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936–939 (1982). *Lugar* explored the relationship between what qualifies as "state action" for purposes of enforcing the protections of the Fourteenth Amendment versus action "under color of law" as required in a 1983 action. *Id.* at 923–924. *Lugar* held that conduct characterized as "state action" under the Fourteenth Amendment also qualifies as action "under color of state law." *Id.* at 935. Several questions can help determine whether a private

4

party is a state actor. The first inquiry asks if the deprivation alleged resulted from the private actor's exercise of a state-provided right or privilege. *Id.* at 939. Next, the court should evaluate whether, looking at the facts as a whole, the private party can fairly be characterized as a state actor. *Id.* Other relevant questions ask the extent to which the private party relies on government aid or whether the party "is performing a traditional government function." *Edmonson v. Leesville Concrete Co.*, 500 U.S. 614, 621–622 (1991). Situations where a private party has been deemed a state actor based on these tests are varied.[3]

When a lawyer performs traditional function of counsel, he is generally not acting under color of law. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981). *See also Catz v. Chalker*, 142 F.3d 279, 289 (6th Cir. 1998) (holding that attorney for opponent in a previous action was not acting under color of law for purposes of a 1983 action). A notable exception is that when a private party, including a private attorney, conspires with state actors, he may be considered a state actor. *See Cooper v. Parrish*, 203 F.3d 937, 952 & n.2 (6th Cir. 2000). The Defendants claim that Plaintiff alleges no conspiracy between them and any government official and that they, therefore, do not qualify as state actors under the exception. The Plaintiff argues that the determination of whether a private entity qualifies as a state official, is a "fact-bound inquiry, and makes a poor option for dismissal basis of pleadings alone." *Edmonson v. Leesville Concrete Co.*, 500 U.S. 614, 621 (1991). The undersigned believes that a factual inquiry would only be necessary in a situation where the relationship of the private party with the state is

---

[3] *Compare West v. Atkins*, 487 U.S. 42, 54 (1988) (physician under contract to provide medical services to state inmates is a state actor), *and Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996) (private corporation operating a prison is a state actor), *with Ellison v. Gabarino*, 48 F.3d 192, 195–97 (6th Cir. 1995) (private physician's decision to admit patient pursuant to state involuntary commitment statute does not constitute state action).

5

unclear, for example, when a private company in contracted by the state to provide healthcare to inmates. The Magistrate Judge notes that the Plaintiff has not alleged any complex relationship between any of the Defendants with the state that would require such a factual inquiry.

The Magistrate Judge finds merit in the Defendants' argument and believes that none of the Defendants in the present action conducted themselves in a way that constitutes state action. They were not acting under authority of the state, relying on government aid, or performing a traditional government function. Defendant FPW's role was that of private attorney who allegedly solicited the Plaintiff's signature allowing them to represent him in a class action against a private drug company, Eli Lilly. Consequently, the Magistrate Judge notes that FPW's professional conduct seems to have been questionable at best. If the Plaintiff's allegation is true that FPW came to a mental institution to obtain his signature for an action involving a drug known to treat severe mental illness, the Magistrate Judge believes that FPW should have been aware of the potential for mental incompetence and could have easily taken steps to ensure that signatures obtained were legally sound. However questionable FPW's conduct may have been, an action under 1983 is not the appropriate source for a remedy. The same logic applies to Defendants Eli Lilly and Garrettson although the undersigned notes that the two seem less blameworthy than FPW if a wrong was committed.

In a final effort to make this case fit the qualifications of a 1983 action, the Plaintiff compares his facts to those in *Shelley v. Kraemer*, 334 U.S. 1 (1948). Plaintiff argues that because *Shelley* held that enforcement of a discriminatory covenant would constitute state action in violation of the Fourteenth Amendment, that court approval of the class action settlement agreement constitutes state action in violation of the First Amendment. *Id.* at 21. The

6

Magistrate Judge believes that Plaintiff's argument is creatively structured to give the illusion of an analogous situation but is severely flawed.  In *Shelley*, if the Court chose to enforce the covenant, the Court itself, not the private parties to the action, would be violating the Fourteenth Amendment by denying the Shelley's civil right to acquire, own, and enjoy property . Here, the situation involves a settlement contract with a potentially invalid signature.  A court in determining whether a class action settlement complies with the laws governing such action is hardly in a place to scrutinize signatures of each plaintiff.  Enforcing such a contract that is in no way discriminatory or in violation of any other civil rights on its face is not comparable to a state court's decision to enforce a racially restrictive covenant.

Having construed the pleadings in a light most favorable to the Plaintiff, the Magistrate Judge believes that no claim has been stated upon which relief can be granted pursuant to an action under 42 U.S.C. § 1983.  The undersigned finds that the Plaintiff has not sufficiently plead any facts that raise the claim above a speculative level to show that the Defendants acted under color of law.  At most, Plaintiff has alleged a possible malpractice or negligence claim, neither of which is actionable under 1983.  Accordingly, Plaintiff's claims against all defendants should be dismissed.

## IV.  CONCLUSION

For the reasons stated above, the undersigned **RECOMMENDS** that the Defendants' Motion to Dismiss be **GRANTED** and that this action be **DISMISSED**.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from receipt of this Report and Recommendation within which to file with the District Court any written objections to the proposed findings and recommendations made herein.  Any

party opposing shall have fourteen (14) days from receipt of any objections filed regarding this Report within which to file a response to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation may constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140, *reh'g denied*, 474 U.S. 1111 (1986).

ENTERED this 23rd day of July, 2010.

/S/ Joe B. Brown
Joe B. Brown
United States Magistrate Judge